UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| LM GENERAL INSURANCE,<br><br>Plaintiff,<br><br>v.<br><br>DAISY FREDERICK,<br><br>Defendant. | ) | Civil Action No.: 4:18-cv-01264-RBH<br><br><br><br>**ORDER** |

This matter is before the Court on: (1) Plaintiff LM General Insurance's ("LM General") motion for default judgment, alternatively, summary judgment [ECF No. 8]; and (2) Defendant Daisy Frederick's ("Frederick") motion to set aside default [ECF No. 13]. For the reasons set forth below, the Court grants Defendant Frederick's motion to set aside default, denies Plaintiff LM General's motion for default judgment, and denies, without prejudice, Plaintiff LM General's motion for summary judgment.[1]

**Factual Allegations**

The instant lawsuit is a declaratory judgment and breach of contract action brought by Plaintiff LM General against Defendant Daisy Frederick. LM General seeks an Order finding that Frederick breached an agreement to settle a personal injury claim, or alternatively, for an Order declaring the LM General complied with Frederick's demand letter, or alternatively, that Frederick's demand letter is invalid.

On April 29, 2015, in Anson County, North Carolina, Defendant Frederick was involved in a motor vehicle accident with Daniel Lee McDowell ("McDowell"). Compl. at ¶ 4. At the time,

---

1 Pursuant to Local Civil Rule 7.08 (D.S.C.), the Court dispenses with a hearing on the motion.

Frederick was operating a vehicle owned by Christine Howard ("Howard"), and McDowell was operating his own vehicle. *Id.* Plaintiff LM General insured McDowell's vehicle with a policy in effect at the time of the accident (the "Policy"). *Id.* at ¶ 5. The Policy has liability limits of $50,000 per person, $100,000 per accident, and $50,000 in property damage. *Id.*; *see* Policy [ECF No. 1-1]. After the accident, Frederick hired counsel from the Anastopoulo Law Firm to represent her for her bodily injury claim resulting from the accident. Compl. at ¶ 6; *see* Letter of Representation [ECF No. 1-2]. Howard's automobile insurer, Allstate Insurance, paid $5,211.60 for property damage to her vehicle, which it subsequently recouped from LM General. Compl. at ¶¶ 7–8.

On February 16, 2016, Frederick's counsel sent a demand letter to LM General on Frederick's behalf, requesting the policy limits. *Id.* at ¶ 9; *see* Demand Letter [ECF No. 1-3]. The demand letter contains numerous conditions and requirements, including an affidavit from McDowell and receipt of the policy proceeds no later than March 1, 2016. Compl. at ¶ 9.

On February 29, 2016, LM General responded to the demand letter, tendering checks for the $50,000 bodily injury limit and the remaining $44,788.40 property damage limit, the requested affidavit from McDowell, and a draft covenant not to execute against McDowell to be signed by Frederick. Compl. at ¶ 10; *see* Response to Demand Letter [ECF No. 1-4].

On March 1, 2016, Frederick's counsel received LM General's checks and documents, but on March 4, 2016, Frederick's counsel returned the checks with a letter stating that LM General failed to accept Frederick's offer of compromise by failing to tender the policy limits and include the requested affidavit by the deadline. Compl. at ¶¶ 11–12; *see* Proof of Delivery [ECF No. 1-5]; *see* Mar. 4, 2016 Letter [ECF No. 1-6]. On March 30, 2016, LM General sent Frederick's counsel a letter stating that it complied with the demand by tendering the policy limits and McDowell's

affidavit. Compl. at ¶ 13; *see* Mar. 30, 2016 Letter [ECF No. 1-7].

On April 1, 2016, Frederick filed a lawsuit against McDowell in South Carolina state court. Compl. at ¶ 14; *see Frederick v. McDowell*, Civil Action No. 2016-CP-34-00072. After a trial from January 29 to 30, 2018, a $5 million verdict was rendered against McDowell, in excess of McDowell's insurance coverage under the LM General policy. Compl. at ¶ 15. As of the filing of the instant federal lawsuit, there are post-trial motions still pending in the underlying state court action.[2] *Id.*

**Procedural History**

On May 8, 2018, LM General filed a complaint in this Court, asserting diversity jurisdiction[3] and alleging causes of action for breach of contract and a declaratory judgment.[4] Compl. at ¶ 3, pp. 7–8. LM General contends that it "complied with all essential terms" of the demand letter and that the parties had a valid contract, which Frederick breached by rejecting the payment of policy limits without good cause. Compl. at ¶¶ 11–12. As relief, LM General asks the Court "for an Order finding that the Defendant breached the [Contract], or alternatively, for an Order declaring that LM General complied with [the] demand letter, or alternatively, that the demand letter is invalid[,] and any other relief" the Court deems just and proper." *Id.* at 8. Frederick was served personally, but not her attorney who represented her in the underlying auto accident lawsuit.

---

2 As of February 12, 2019, a search of the underlying lawsuit's docket indicates that the post-trial motions are still pending, and the parties have not notified this Court of any further disposition.

3 For diversity purposes, Defendant Frederick is a resident and citizen of South Carolina; Plaintiff LM General is a Massachusetts corporation with its principle place of business in Massachusetts. Compl. at ¶¶ 1–2; Answer at ¶¶ 1–2.

4 The complaint states that this case "is brought under two distinct legal theories": (1) common law breach of contract; and (2) "alternatively" under the federal Declaratory Judgment Act. Compl. at ¶ 26.

After Frederick failed to file a responsive pleading or appear in this case, LM General requested an entry of default on June 28, 2018. *See* ECF No. 6. On June 29, 2018, the Clerk of Court entered default against Frederick. *See* ECF No. 7. On July 23, 2018, LM General filed a motion for default judgment and/or for summary judgment. *See* ECF No. 8. The motion for default judgment asks the Court to enforce the Contract, and, for the first time, requests "[i]n the alternative" a $4,905,211.60 judgment against Defendant. Mot. for Default J. at 8. As further alternative relief, the motion for default judgment and/or for summary judgment also requests "a declaration from the Court that the demand letter was invalid" if the Court finds that LM General is not entitled to enforcement of the Contract or breach of contract damages. *Id.* at 8–9. Subsequently, on August 1, 2018, Frederick appeared in this case, filing an answer [ECF No. 11], the instant motion to set aside the entry of default [ECF No. 13], a motion to dismiss [ECF No. 14], and a response in opposition to LM General's motion for default judgment [ECF No. 15]. On August 8 and 15, 2018, LM General filed responses in opposition to Frederick's motion to set aside the entry of default. [ECF Nos. 17].

**Discussion**

Through counsel (her same attorney that represented her in the auto accident), Defendant Frederick has moved to set aside the Clerk's entry of default. Under Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v.*

*Brake*, 439 F.3d 198, 204-05 (4th Cir.2006). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparotory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). "Generally, a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) (citing 6 Moore's Federal Practice P55.10(1)-(4), pp. 1829-1842 (2d ed. 1966)).

The first factor the Court should consider in determining whether to set aside entry of default is whether Frederick has a meritorious defense. "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). The instant lawsuit alleges that Frederick breached a contract with LM General based on Frederick's pre-suit settlement demand/offer to settle that was accepted by LM General. Frederick proffers in defense of the claim that LM General did not accept her offer to settle the case and instead proposed a counter-offer, which Frederick was free to reject. Thus, Frederick claims there was no contract between her and LM General. Specifically, Frederick alleges that Frederick's settlement offer required payment by certified check. When LM General issued payment, it was by regular draft and Frederick contends that the draft could not be negotiated and was issued to the wrong people. Frederick also contends that LM General added additional terms and conditions to the agreement that Frederick was not willing to accept. Frederick has alleged a meritorious defense to both LM General's breach of contract claim and LM General's request for a declaration that LM General complied with Frederick's demand letter. The meritorious defense

factor weighs in favor of setting aside the entry of default.

The next factor the Court should consider is whether Frederick acted with reasonable promptness in moving to set aside the entry of default. The Clerk entered default on June 29, 2018. LM General filed its motion for default judgment on July 23, 2018. Frederick moved to set aside the default on August 1, 2018. Frederick's counsel has indicated that he filed the motion to set aside the default two days after discovering the default. Regardless, approximately only a month passed between the entry of default and the motion to set aside. The Court finds that Frederick acted with reasonable promptness in moving to set aside the default.

The third factor is personal responsibility of the defaulting party. Frederick retained counsel in the underlying lawsuit on May 7, 2015. [Affidavit of Daisy Frederick, ECF No. 13-1]. Frederick's counsel notified LM General of his representation of Frederick by letter dated June 19, 2015. [Letter of Representation, ECF No. 1-2]. Frederick's counsel's Letter of Representation was attached as an exhibit to LM General's complaint, suggesting that LM General and its counsel were aware that Frederick had retained counsel. Nevertheless, when LM General filed this lawsuit on May 8, 2018, it did not provide a courtesy copy of the summons and complaint to Frederick's attorneys. When Frederick was served with papers in the instant matter, she assumed that her attorneys were provided copies and were aware of the lawsuit. [Affidavit of Daisy Frederick, ECF No. 13-1]. While LM General was not "required" under the Federal Rules of Civil Procedure to serve Frederick's counsel with a copy of the summons and complaint, the fact that Frederick was represented by counsel and LM General and its counsel knew this, yet surreptitiously served Frederick without putting Frederick's counsel on notice, militates in favor of setting aside the default.

The fourth factor is prejudice to the non-defaulting party. Here, LM General will face no discernible prejudice if the default is set aside.

The fifth factor requires the Court to consider whether Frederick has a history of dilatory action. There is no history of dilatory action by Frederick in this case. Frederick believed that her attorneys were aware of the lawsuit and that they had responded to it. *See* [Affidavit of Daisy Frederick, ECF No. 13-1]. Once Frederick's attorneys were made aware of this lawsuit, they promptly moved to set aside the entry of default.

The final factor to consider is the availability of less drastic sanctions. No sanctions are warranted in this case because Frederick acted promptly to cure the default and did not act intentionally or in bad faith. LM General filed this lawsuit without providing notice to Frederick's counsel even though it knew that Frederick was represented by counsel as evidenced by the letter of representation that LM General attached to the Complaint.

In conclusion, Frederick is entitled to have the Clerk's entry of default set aside. Frederick acted promptly to cure the default and has alleged a meritorious defense. *See Consolidated Masonry & Fireproofing, Inc.*, 383 F.2d at 251 (stating "[g]enerally, a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense). The remaining factors also weigh in favor of setting aside the default as discussed above.

**Conclusion**

For the reasons set forth above, Defendant Frederick's [ECF No. 13] motion to set aside default is **GRANTED**. Plaintiff LM General's [ECF No. 8] motion for default judgment is **DENIED**, and Plaintiff LM General's [ECF No. 8] motion for summary judgment is **DENIED, without prejudice**.

IT IS SO ORDERED.

February 19, 2019
Florence, South Carolina

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge