UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LM GENERAL INSURANCE, ) | Civil Action No.: 4:18-cv-01264-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DAISY FREDERICK, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on Defendant Daisy Frederick's ("Frederick") motion to dismiss [ECF No. 14]. For the reasons set forth below, the Court denies Defendant Frederick's motion to dismiss.[1]

**Factual Background and Procedural History**

The instant lawsuit is a declaratory judgment and breach of contract action brought by Plaintiff LM General Insurance ("LM General") against Defendant Daisy Frederick. LM General seeks an Order finding that Frederick breached an agreement to settle a personal injury claim, or alternatively, for an Order declaring that LM General complied with Frederick's demand letter, or alternatively, that Frederick's demand letter is invalid.

On April 29, 2015, in Anson County, North Carolina, Defendant Frederick was involved in a motor vehicle accident with Daniel Lee McDowell ("McDowell"). Compl. at ¶ 4. At the time, Frederick was operating a vehicle owned Christine Howard ("Howard"), and McDowell was operating his own vehicle. *Id.* Plaintiff LM General insured McDowell's vehicle with a policy in

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

effect at the time of the accident (the "Policy"). *Id.* at ¶ 5. The Policy has liability limits of $50,000 per person, $100,000 per accident, and $50,000 in property damage. *Id.*; *see* Policy [ECF No. 1-1]. After the accident, Frederick hired counsel from the Anastopoulo Law Firm to represent her for her bodily injury claim resulting from the accident. Compl. at ¶ 6; *see* Letter of Representation [ECF No. 1-2]. Howard's automobile insurer, Allstate Insurance, paid $5,211.60 for property damage to her vehicle, which it subsequently recouped from LM General. Compl. at ¶¶ 7–8.

On February 16, 2016, Frederick's counsel sent a demand letter to LM General on Frederick's behalf, requesting the policy limits. *Id.* at ¶ 9; *see* Demand Letter [ECF No. 1-3]. The demand letter contained numerous conditions and requirements, including requiring an affidavit from McDowell and receipt of the policy proceeds by certified check no later than March 1, 2016.[2] Compl. at ¶ 9.

On February 29, 2016, LM General responded to the demand letter, tendering checks for the $50,000 bodily injury limit and the remaining $44,788.40 property damage limit, the requested affidavit from McDowell, and a draft covenant not to execute against McDowell to be signed by Frederick. Compl. at ¶ 10; *see* Response to Demand Letter [ECF No. 1-4].

On March 1, 2016, Frederick's counsel received LM General's checks and documents, but on March 4, 2016, Frederick's counsel returned the checks with a letter stating that LM General failed to accept Frederick's offer of compromise by failing to tender the policy limits by certified

---

[2] Frederick's offer stated, "[s]ettlement funds must be paid by Cashier's Checks, or Certified Bank Checks (not drafts) issued by your insurance company as follows: Daisy Frederick and the Anastopoulo Law Firm, LLC." The offer went on to say, "[p]ayment must be made as described herein, and payment by any other method… will not satisfy the terms of this offer of compromise and will result in the immediate and automatic withdrawal of this offer of compromise."

2

check[3] and include the requested affidavit by the deadline. Compl. at ¶¶ 11–12; *see* Proof of Delivery [ECF No. 1-5]; *see* Mar. 4, 2016 Letter [ECF No. 1-6]. On March 30, 2016, LM General sent Frederick's counsel a letter stating that it complied with the demand by tendering the policy limits and McDowell's affidavit. Compl. at ¶ 13; *see* Mar. 30, 2016 Letter [ECF No. 1-7].

On April 1, 2016, Frederick filed a lawsuit against McDowell in South Carolina state court. Compl. at ¶ 14. After a trial from January 29 to 30, 2018, a $5 million verdict was rendered against McDowell, which was in excess of McDowell's insurance coverage under the LM General policy. Compl. at ¶ 15. As of the filing of the instant federal lawsuit, there are post-trial motions still pending in the underlying state court action. *Id.*

On May 8, 2018, LM General filed its complaint in this case, asserting diversity jurisdiction and alleging causes of action for breach of contract and a declaratory judgment. Compl. at ¶ 3, pp. 7–8. LM General contends that it "complied with all essential terms" of the demand letter and that the parties had a valid contract, which Frederick breached by rejecting the payment of policy limits without good cause. Compl. at ¶¶ 11–12. As relief, LM General asks the Court "for an Order finding that the Defendant breached the [Contract], or alternatively, for an Order declaring that LM General complied with [the] demand letter, or alternatively, that the demand letter is invalid[,] and any other relief" the Court deems just and proper." *Id.* at 8.

On August 1, 2018, Frederick filed a motion to dismiss the action. LM General filed its response on August 15, 2018. Frederick then filed a Reply.

---

[3]     Frederick's counsel took the position there was no settlement because "[i]nstead of tendering a cashier's or certified check made payable to "Daisy Frederick and the Anastopoulo Law Firm, LLC," Plaintiff delivered regular drafts made payable to "Akim Anastopoulo and Daisy Frederick." [Frederick's Response to Plaintiff's motion for default judgment, ECF No. 15 at 7].

3

**Discussion**

Defendant Frederick moves to dismiss this action arguing: 1) the Court lacks subject matter jurisdiction because the amount in controversy is not met and the matter is not ripe for adjudication; 2) the complaint fails to state a valid claim; 3) LM General lacks standing to bring this action; 4) LM General has failed to join indispensable parties; and 5) LM General's claims were waived and/or have already been judicially determined.

**I.  Subject Matter Jurisdiction**

Frederick argues the Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000.00 and the matter is not ripe for adjudication.

**A.  Amount in Controversy**

Under 28 U.S.C. § 1332(a), district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00. 28 U.S.C. § 1332(a). Courts have typically applied the "legal certainty" test in determining whether the amount in controversy requirement is met. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir.1995). Under this test, a plaintiff asserting federal jurisdiction has the burden of proving to a "legal certainty" that the claim is not less than the jurisdictional amount. *Shanaghan*, 58 F.3d at 112. When a plaintiff seeks declaratory relief, the amount in controversy is the "value of the object of the litigation." *Francis v. Allstate Ins. Co.*, 869 F. Supp. 2d 663, 668 (D. Md. 2012).

In this case, LM General has alleged a breach of contract claim and, alternatively, seeks declaratory relief. LM General claims that it had an agreement with Frederick to settle Frederick's personal injury claim with LM General's insured (McDowell) in exchange for payment of

approximately $94,000.00 in insurance proceeds. On the breach of contract claim, LM General seeks either specific performance of the agreement to settle, which would involve the payment of $94,000.00 in insurance proceeds, or damages in the amount of $4,905,211.60, which is the difference between the amount agreed upon to settle the underlying lawsuit and the verdict in the underlying lawsuit *See* [LM General's Motion for Default Judgment and/or Summary Judgment, ECF No. 8 at 8]. On its claim for declaratory relief, LM General seeks a declaration that LM General complied with Frederick's demand letter, or alternatively, that Frederick's demand letter is invalid.

At a minimum, the object of the litigation in this case is the $94,000.00 in insurance proceeds that LM General offered to pay in response to Frederick's demand letter. Additionally, the amount of monetary damages sought on the breach of contract ($4,905,211.60) claim far exceeds the jurisdictional amount. LM General has demonstrated to a legal certainty that the amount in controversy exceeds the jurisdictional minimum of $75,000.00.

**B.     Ripeness**

Frederick argues this case is not ripe because no bad faith case has materialized, there is no final judgment in the underlying suit, and Frederick has made no efforts to collect on the judgment. Frederick's arguments, however, mischaracterize the relief sought by LM General. Frederick argues that LM General is attempting to litigate a potential future "bad faith" case that does not yet exist. Frederick claims "[w]hat Plaintiff is really asking for here is an advisory opinion that it acted reasonably in the way that it responded to the offer." [Frederick's motion to dismiss, ECF No. 14 at 6].

However, according to the complaint, LM General does not request an advisory opinion that

it acted reasonably. LM General's claims are novel, but fairly straight forward. LM General has brought a breach of contract action against Frederick alleging that she breached an agreement to settle a personal injury lawsuit against LM General's insured, McDowell. LM General seeks an Order "finding that [Frederick] breached the contract/agreement, or alternatively, for an Order declaring that LM General complied with demand letter, or alternatively, that the demand letter is invalid and any other relief." [Complaint, ECF No. 1]. LM General is seeking either specific performance of the agreement to settle or money damages based on the difference between the amount agreed upon to settle the underlying lawsuit and the verdict in the underlying lawsuit. There are post-trial motions pending in the underlying suit that may affect the amount of the jury award and there is no final judgment as of the date of this Order.

The doctrine of ripeness prevents judicial consideration of issues until a controversy is presented in "clean-cut and concrete form." *Rescue Army v. Mun. Court of L.A.*, 331 U.S. 549, 584, 67 S.Ct. 1409, 91 L.Ed. 1666 (1947). The burden of proving ripeness falls on the party bringing suit. *Renne v. Geary*, 501 U.S. 312, 316, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991). To determine whether the case is ripe, the court must "balance 'the fitness of the issues for judicial decision with the hardship to the parties of withholding court consideration.' " *Franks v. Ross*, 313 F.3d 184, 194 (4th Cir.2002) (quoting *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 733, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998)). A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties. *Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir.1992).

LM General's claims for breach of contract and declaratory relief are ripe for review, with the exception of LM General's claim for monetary damages stemming from the alleged breach of

6

contract. LM General's complaint asserts a simple breach of contract claim and request for declaratory relief. The question raised by LM General's complaint is whether LM General's material compliance with Frederick's demand letter consummated a valid contract that was breached when Frederick proceeded to trial and obtained an excess verdict. Similarly, LM General requests a declaration that it complied with Frederick's demand letter.

To the extent LM General seeks specific performance of the alleged contract or declaratory relief, its claim is ripe. However, LM General's claim for monetary damages will not be ripe until the post-trial motions in the underlying suit are decided and there is a final judgment. The post-trial motions may affect the amount of the verdict and, as a result, will affect the amount of LM General's monetary damages from the alleged breach of contract. A review of the state court docket indicates the post-trial motions are still pending. This Court could either stay this action pending the resolution of the post-trial motions in state court or LM General could abandon its claim for money damages and limit its remedy on the breach of contract claim to specific performance of the contract.

Accordingly, not later than March 15, 2019, LM General shall inform the Court whether it prefers to stay the action pending the resolution of the post-trial motions in state court in the underlying suit or whether it prefers to abandon its claim for money damages and limit its remedy on the breach of contract claim to specific performance of the contract.

## II. **Failure to State a Claim**

Frederick next argues that LM General's complaint fails to state a valid claim upon which relief can be granted because LM General has not "described how the alleged agreement was breached." [Frederick motion to dismiss, ECF No. 14 at 7]. Frederick also argues that LM General

7

cannot state a breach of contract claim because there is no final judgment in the underlying lawsuit and Frederick has not actually attempted to execute a judgment against McDowell.

A complaint must state a "plausible claim for relief" to survive a Rule 12(b)(6) motion to dismiss. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The Court will not dismiss the plaintiff's complaint so long as he provides adequate detail about his claims to show he has a "more-than-conceivable chance of success on the merits." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pled facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). A complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Frederick's failure to state a claim argument is directed towards LM General's breach of contract claim. "The elements for a breach of contract are the existence of a contract, its breach, and damages caused by such breach." *S. Glass & Plastics Co. v. Kemper*, 732 S.E.2d 205, 209 (S.C. Ct. App. 2012). LM General's complaint alleges that Frederick's demand letter constituted an offer, which was accepted on February 29, 2016, and all material terms of the offer were accepted. [Complaint, ECF NO. 1 at ¶ 26]. The complaint alleges that Frederick breached the agreement by refusing to accept the funds tendered and refusing to comply with the terms of the offer/agreement made by her lawyers. *Id*. at ¶¶ 24, 26. LM General alleges that it, and its insured, suffered damages. *Id*. at ¶ 26. Taking LM General's allegations as true and drawing all reasonable inference's in LM General's favor, LM General's complaint contains enough facts to state a breach of contract claim

that is plausible on its face.

### III. Standing

Frederick also argues that LM General lacks standing to sue Frederick for breach of contract. Frederick contends that any alleged settlement agreement would be between Frederick and McDowell (LM General's insured) and that only McDowell has standing to sue for breach of the alleged settlement agreement. Contrary to Frederick's argument, however, LM General was a party to the proposed Agreement and Covenant Not to Execute. *See* [Agreement and Covenant Not to Execute, ECF No. 1-4 at 3].

For a plaintiff to have Article III standing, the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). Here, LM General has alleged that Frederick made an offer to settle her personal injury claim against LM General's insured (McDowell). LM General alleges that it accepted the offer by tendering policy limits and that it complied with Frederick's offer to settle in all material aspects. Frederick allegedly breached the agreement to resolve her personal injury claim by rejecting the insurance proceeds and proceeding to trial where she obtained a verdict in excess of LM General's policy limits. LM General seeks an Order finding that Frederick breached the agreement to resolve her personal injury claim, or alternatively, for an order declaring that LM General complied with Frederick's demand letter, or alternatively, that the demand letter is invalid. LM General also seeks any other relief the Court may deem just and proper, which could include either specific performance of the agreement or money damages. LM General has standing to sue Frederick because it has suffered an injury in fact, that is fairly traceable to Frederick's alleged conduct, that is

likely to be redressed by a favorable judicial decision.

## IV. **Indispensable Party**

Frederick argues that the case must be dismissed because LM General failed to join an indispensable party, its insured (McDowell).

Federal Rule of Civil Procedure 12(b)(7) provides that courts may dismiss suits where a plaintiff fails to join a party under Rule 19. In order to determine whether an action should be dismissed on this basis, it is necessary to refer to Rule 19 of the Federal Rules of Civil Procedure. Rule 19 sets forth a two-step process for determining whether a party should be joined. "First, the district court must determine whether the party is 'necessary' to the action under Rule 19(a). If the court determines that the party is 'necessary', it must then determine whether the party is 'indispensable' to the action under Rule 19(b)." *National Union Fire Ins. Co. v. Rite Aid of South Carolina, Inc.*, 210 F.3d 246, 249 (4th Cir. 2000).

"Dismissal of a case is a drastic remedy, however, which should be employed only sparingly. When an action will affect the interests of a party not before the court the ultimate question is this: Were the case to proceed, could a decree be crafted in a way that protects the interests of the missing party and that still provides adequate relief to a successful litigant? (internal citations omitted) Although framed by the multi-factor tests of Rule 19(a) and (b), 'a decision whether to dismiss must be made pragmatically, in the context of the substance of each case, rather than by procedural formula." *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918 (4th Cir. 1999), citing *Provident Tradesmens Bank & Trust Co.*, 390 U.S. 102, 119 (1968). *See also*, Wright, Miller, and Kane, Federal Practice and Procedure § 1613 (2001) ("Revised Rule 19 does give the court the flexibility to allow an action to go forward without a joint obligee when no prejudice

would result either to the parties or the absentee and effective relief can be granted.")

Rule 19(a) provides:

> (a) Persons Required to Be Joined if Feasible.
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
> (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
> (3) Venue. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

Rule 19(b) provides:

> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> (A) protective provisions in the judgment;
> (B) shaping the relief; or
> (C) other measures;

11

> (3) whether a judgment rendered in the person's absence
> would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if
> the action were dismissed for nonjoinder.

In the complaint, LM General seeks to litigate "whether a valid '<u>Tyger River</u>' demand letter was issued" and seeks to have the demand letter declared invalid. [Complaint, ECF No. 1 at ¶ 35]. One possible outcome of this case is that there was no binding agreement between LM General and Frederick and that Frederick failed to issue a valid <u>Tyger River</u> letter. Such an outcome could leave LM General's insured, McDowell, responsible for paying any judgment (because there was no settlement), while also preventing him from seeking recourse against his insurer for bad faith. Accordingly, McDowell may take the position that Frederick's <u>Tyger River</u> letter *was* valid. Disposition of this matter without joining McDowell may, as a practical matter, impair or impede McDowell's ability to protect his interests. The Court finds that McDowell is a necessary party and there has been no showing that McDowell cannot be joined in this lawsuit. In its brief, LM General acknowledged that, if the Court found that McDowell was a necessary party, "the appropriate remedy would be an order for Mr. McDowell's joinder." [LM General's Memo in Opposition to Frederick's motion to dismiss, ECF No. 19 at 11].

Rather than dismiss this case for failure to join an indispensable party, the Court orders LM General to file an amended complaint within 30 days naming Daniel McDowell as a defendant.

**V.     Collateral Estoppel/Waiver**

Finally, Frederick again argues that if a settlement agreement existed, it would have existed between Frederick and McDowell. Frederick contends that McDowell should have raised the settlement agreement in his answer in defense of the underlying suit. Frederick argues that

12

McDowell's failure to raise the settlement agreement in the underlying action estops him from raising the settlement agreement now, constitutes a waiver, and acts as a judicial determination on the issue, which requires dismissal of the present action. However, because LM General was not a party to the underlying lawsuit, neither collateral estoppel nor waiver would apply. *See, e.g. Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (stating that for collateral estoppel to apply, the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum); *SPUR at Williams Brice Owner's Ass'n. v. Lalla*, 781 S.E.2d 115, 125 (S.C. Ct. App. 2015) ("waiver is a voluntary and intentional abandonment or relinquishment of a known right"). LM General was not afforded a full and fair opportunity to litigate its alleged contract claim in the underlying suit and there is insufficient information in the record that LM General voluntarily and intentionally abandoned a known right in the underlying lawsuit.

## **Conclusion**

For the reasons set forth above, Defendant Frederick's [ECF No. 14] motion to dismiss is **DENIED**. No later than March 15, 2019, Plaintiff LM General shall inform the Court whether it prefers to stay the action pending the resolution of the post-trial motions in state court in the underlying suit or whether it prefers to abandon its claim for money damages and limit its remedy on the breach of contract claim to specific performance of the contract. Additionally, Plaintiff LM General shall file an amended complaint within 30 days joining Daniel McDowell as a defendant.

IT IS SO ORDERED.

March 1, 2019　　　　　　　　　　　　　　　　　　s/ R. Bryan Harwell
Florence, South Carolina　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge